UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL APPLEGATE, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16-cv-09147 |
| v. | ) |
| | ) Honorable Rebecca R. Pallmeyer |
| LEGACY HEALTHCARE FINANCIAL | ) |
| SERVICES, LLC, | ) Magistrate Judge Susan E. Cox |
| | ) |
| Defendant. | ) |

**DEFENDANT'S UNOPPOSED MOTION TO STAY THE LITIGATION**

Defendant PROGRESSIVE HEALTHCARE CONSULTING, LLC ("Defendant"), incorrectly named Legacy Healthcare Financial Services, LLC, respectfully requests this Court to stay this litigation until the conclusion of the Illinois Department of Human Rights' ("IDHR") investigation into the Charge of Discrimination filed by Plaintiff Michael Applegate ("Plaintiff") against Defendant, to avoid either a separate, parallel lawsuit or a late-filed Amended Complaint that will result in the inefficient use of the Court's and parties' time and resources and require duplicative motion practice and discovery into Plaintiff's baseless claims. In support of its Unopposed Motion, Defendant states as follows:

1. On March 3, 2016, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC") against Defendant, including discrimination and retaliation claims. (*See* EEOC Charge of Discrimination attached hereto as **Exhibit A**.) Plaintiff also cross-filed his Charge with the Illinois Department of Human Rights. (*Id.*)

2. Specifically, the Charge alleged: (1) Defendant discriminated and retaliated against Plaintiff and failed to accommodate Plaintiff's purported disability, in violation of the

Americans with Disabilities Act ("ADA"); (2) discriminated against Plaintiff on the basis of his age, in violation of the Age Discrimination in Employment Act ("ADEA"); and (3) discriminated against Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). (*Id.*)

3. According to the Charge, the alleged violations of law were based solely on Defendant's purported failure to accommodate Plaintiff and Plaintiff's termination. (*Id.*)

4. On May 12, 2016, Defendant filed its position statement and supporting documents with the EEOC in response to Plaintiff's Charge.

5. On May 24, 2016, the EEOC issued a "no probable cause" finding and a Dismissal and Notice of Right to Sue. (*See* EEOC Dismissal and Notice of Right to Sue, attached hereto as **Exhibit B**.)

6. Ostensibly due to his displeasure with the EEOC's finding, on information and belief, Plaintiff requested that the IDHR conduct a separate investigation into Plaintiff's claims and Defendant's alleged violations of the Illinois Human Rights Act ("IHRA"). (*See* May 5 Letter from IDHR to Applegate, attached hereto as **Exhibit C**.)

7. The IDHR notified Defendant of its intent to investigate the Charge in correspondence dated July 28, 2016. (*See* July 28 Letter from IDHR, attached hereto as **Exhibit D**.)

8. On October 12, 2016, Defendant filed its position statement and supporting documents with the IDHR in response to Plaintiff's Charge.

9. To Defendant's knowledge, the IDHR investigation is ongoing.

10. Despite this, Plaintiff filed a lawsuit on August 19, 2016 in the Circuit Court of Cook County, Illinois against Defendant. Defendant timely removed the action to this Court on September 22, 2016. (*See* ECF No. 1.)

11. Plaintiff's Complaint alleges a violation of the Family and Medical Leave Act ("FMLA") and retaliatory discharge. (*Id.* at Ex. A.) Like Plaintiff's Charge, the counts in Plaintiff's Complaint are based solely on Defendant's alleged failure to accommodate Plaintiff and Plaintiff's termination. (*Id.* at Ex. A.) In other words, the two counts in Plaintiff's Complaint arise under the exact same set of facts as Plaintiff's discrimination and retaliation claims.

12. If allowed, Plaintiff's attempt to pursue FMLA and Illinois common law claims while the IDHR investigates his discrimination and retaliation claims will ultimately result in either a separate, parallel lawsuit constituting unlawful claim-splitting, or a motion to amend the Complaint later in the case, after the parties have expended substantial time and resources. In either situation, Defendant will effectively be required to litigate Plaintiff's employment claims twice. *Walczak v. Chi. Bd. of Ed.*, 739 F.3d 1013, 1017-1020 (7th Cir. 2014); *Palka v. City of Chi.*, 662 F.3d 428, 437-38 (7th Cir. 2011); *see also Anderson v. Guaranteed Rate, Inc.*, No. 13C431, 2013 WL 2319138, at *4-*5 (N.D. Ill. May 28, 2013).

13. For example, either scenario would result in duplicative motions to dismiss, duplicative discovery, and potentially separate determinations of dispositive facts that would waste the time and resources of the Court, parties, third-parties, and non-parties alike.

14. As such, Defendant respectfully moves this Court to stay the litigation – including Defendant's responsive pleading deadline – until the IDHR has concluded its investigation into the Charge and Plaintiff either waives, or amends the Complaint to include, the discrimination

and retaliation claims that arise from the same allegations contained in the Complaint. *Walczak* at 739 F.3d 1018; *Palka*, 662 F.3d at 438.

15. This Motion has been filed in good faith and is not interposed for purposes of harassment or delay. No party will be prejudiced by this Court's granting of the same.

16. On October 21, 2016, Plaintiff's counsel represented to Defendant's counsel during a telephone call that Plaintiff did not oppose the relief sought in this Motion.

WHEREFORE, Defendant PROGRESSIVE HEALTHCARE CONSULTING, LLC, incorrectly named Legacy Healthcare Financial Services, LLC, respectfully requests that this Court stay the litigation until the conclusion of the Illinois Department of Human Right's investigation of Plaintiff Michael Applegate's Charge of Discrimination, and grant such other relief this Court deems proper.

DATED: October 21, 2016

Respectfully submitted,

By: /s/ Katherine A. Manuel
One of the Attorneys for Defendant
PROGRESSIVE HEALTHCARE CONSULTING, LLC

Anne E. Larson
Katherine A. Manuel
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*anne.larson@ogletreedeakins.com*
*katherine.manuel@ogletreedeakins.com*

4

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on October 21, 2016, the foregoing *Defendant's Unopposed Motion to Stay the Litigation* was filed electronically with the Clerk of Court using the ECF system and served by electronic mail and first class U.S. Mail, postage prepaid, upon the following:

Mary Kay Burdelik
**THE BURDELIK LAW GROUP, LLC**
166 West Washington Street, Suite 200
Chicago, Illinois 60602

*Attorney for Plaintiff*

/s/ Katherine A. Manuel
One of the Attorneys for Defendant
PROGRESSIVE HEALTHCARE CONSULTING, LLC

26587773.1